RONALD COLEMAN, CHIEF BUILDING INSPECTOR OF THE CITY OF RENO, COUNTY OF WASHOE, STATE OF NEVADA, APPELLANT, v. JOHN THOMPSON, RESPONDENT.

No. 4067

December 19, 1957          319 P.2d 541

Samuel B. Francovich, City Attorney, Bruce D. Roberts and Roy E. Torvenin, Assistant City Attorneys, all of Reno, for Appellant.

Grubic, Drendel and Bradley, of Reno, for Respondent.

## OPINION

*Per Curiam:*

This case is before us on motion of respondent to dismiss the appeal of appellant for failure to file opening brief within the time prescribed by rule. That time expired October 14, 1957. Neither stipulation nor court order granting additional time was sought by appellant. Motion to dismiss was filed December 9, 1957 and was submitted December 11, 1957. The judgment from which this appeal is taken was entered May 31, 1957, pursuant to the district judge's decision announced some months prior thereto.

Appellant's explanation for this extraordinary lapse of time is that the City of Reno has been seeking settlement of the dispute and that the parties to this matter have been engaged in negotiations throughout the major portion of the time involved. He explains that such negotiations required consideration by the city

council of the city of Reno and that such consideration necessarily involves more time than would be necessary in the case of an individual party. Respondent denies that there was any course of negotiations. He asserts that an offer of settlement had been made by him prior to judgment below, which offer had remained open, but from which he had not deviated in any counter proposal. He asserts that the "negotiations" to which appellant refers were nothing more than a series of offers by the city which he had rejected.

There can be no doubt of the sincerity of the belief of counsel for appellant that steps looking toward settlement were regarded by both parties as a desirable prelude to proceeding with this appeal. Nor can there be any doubt of the sincerity of respondent in asserting that in this respect appellant was mistaken in his belief and that respondent had no interest in further proposals of the city which did not meet the terms of his offer. We are thus faced with procedural neglect resulting from an honest misunderstanding. Our question upon this motion is whether such misunderstanding may be held to constitute good cause for relief from such neglect. In our view it may not.

In McCleary Timber Company v. Sewell, 72 Nev. 7, 292 P.2d 197, this court in January 1956 had occasion to refer to delays in briefing matters pending before this court. We there stated, "This court has had occasion recently to express to the members of the bar its concern with the delays in briefing which have become almost a matter of standard practice. In this respect it is anticipated that Rule XI, Paragraph 7, of the rules of this court will shortly be amended." While the motion to dismiss for delay in briefing was not granted in that case we expressly stated that the denial was "Notwithstanding our general feeling in this regard and with no intent to establish precedent as to practice under any amendment to Rule XI which may be had." Rule XI, Paragraph 7, was amended June 1, 1956 to require that all extensions of time in briefing beyond 60 days be by court order upon application showing good cause.

Such circumstances as efforts towards settlement cannot justify delay in the absence of agreement between all parties that such efforts are worth the delay. A mistaken, although honest, belief that such agreement exists cannot constitute the equivalent of such an agreement. This would but serve to encourage misunderstanding in such matters. Reliance upon unconfirmed belief, then, cannot be held sufficient justification. A party failing in procedural performance must accept the burden of establishing a clear understanding in justification of such failure.

Appeal dismissed.