EARNHART THRAN, Administrator of the ESTATE
OF ROBERT W. ZIMMERMAN, Deceased, and
H. A. ZIMMERMAN, Petitioners, *v.* FIRST
JUDICIAL DISTRICT COURT IN AND FOR
ORMSBY COUNTY, Respondent.

No. 4608

April 9, 1963

380 P.2d 297

*Vargas, Dillon & Bartlett* and *Alex. A. Garroway,* all
of Reno, for Petitioners.

*Laxalt, Ross & Laxalt,* of Carson City, for Respondent.

## O P I N I O N

By the Court, BADT, C. J.:

In the respondent court in an action entitled "Peggy Thies, Administratrix of the Estate of Willis B. Adkisson, Jr., deceased, Plaintiff, v. Earnhart Thran, Administrator of the Estate of Robert W. Zimmerman, deceased, H. A. Zimmerman and Estate of Bertie A. Moore, deceased, Defendants," Thran, as administrator, moved for dismissal of the action under NRCP 41(e), which reads in pertinent part as follows: "The court may in its discretion dismiss any action for want of prosecution on motion of the defendant and after due notice to the plaintiff, whenever plaintiff has failed for two years after action is filed to bring such action to trial. Any action heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced or to which it may be transferred on motion of the defendant, after due notice to plaintiff or by the court upon its own motion, unless such action is

brought to trial within five years after the plaintiff has filed his action, except where the parties have stipulated in writing that the time may be extended. * * *" The respondent court in denying the motion said: "This court feels that it was 'impossible, impracticable, or futile' to bring this matter to trial for a period of 16 months within the 5-year period, and that the 5-year period set by NRCP 41(e) should be extended for 16 months from and after November 7, 1962." The respondent court thus based its decision on the terms used in Christin v. Superior Court, 9 Cal.2d 526, 71 P.2d 205, 112 A.L.R. 1153, discussed infra.

Petitioners then filed their petition for a writ of mandamus requiring the respondent court to dismiss said action for failure to bring it to trial in accordance with the provisions of the rule. Remedy by mandamus is available. J. C. Penney Co. v. Superior Court, 52 Cal.2d 666, 343 P.2d 419, and cases therein cited.

The main action grew out of a collision November 11, 1955, of a car jointly registered in the names of H. A. Zimmerman and Robert W. Zimmerman and driven by Bertie A. Moore, and a car owned and driven by Willis B. Adkisson, Jr., in which Adkisson, Robert W. Zimmerman and Bertie A. Moore were killed. Complaint was filed and summons issued November 7, 1957, just four days prior to expiration of the statute of limitations. Summons was served on H. A. Zimmerman, a resident of Montana, by service upon the director of the Department of Motor Vehicles of Nevada, NRS 14.070(1). On December 23, 1958, this court, on application of H. A. Zimmerman, issued its writ prohibiting respondent court from proceeding further against him. Zimmerman v. District Court, 74 Nev. 344, 332 P.2d 654. Such proceeding in no way affected the estate of Robert W. Zimmerman or the estate of Bertie A. Moore. On April 10, 1959, Thran, at the instance of the original plaintiff, was appointed public administrator of Douglas County, and on said date, as such public administrator was appointed administrator of the estate of Robert W. Zimmerman, deceased. Later

that month Peggy Thies, administratrix of the estate of Willis B. Adkisson, Jr., deceased, filed a claim with such administrator for damages arising out of the accident of November 11, 1955. The claim was rejected. On October 6, 1961, Thran, administrator, was substituted for Robert W. Zimmerman. On November 22, 1961, Thran, as administrator, filed his answer. On January 4, 1963, petitioners and H. A. Zimmerman moved for dismissal under NRCP 41(e), which motion was denied.

In opposing the issuance of the writ upon the ground that it is not mandatory under any and all circumstances and that the trial court properly exercised its discretion in refusing to apply the rule, respondent first refers to Astorga v. Ishimatsu, 77 Nev. 30, 359 P.2d 83, in which the legislative history of the rule is recited, and which refers to Harris v. Harris, 65 Nev. 342, 196 P.2d 402, supporting the presumption that the rule was adopted by the Nevada legislature with the construction given it by the California courts before the rule's adoption in Nevada in 1943. However, this court said in Harris v. Harris (citing California cases) : "The last sentence of the statute makes it mandatory for the court to dismiss an action if not brought to trial within three years from the filing of the remittitur." In Harris the only question involved was whether a court possessed the inherent power to dismiss *within the minimum period* designated by the statute. And in Astorga v. Ishimatsu this court affirmed the district court's dismissal under the 5-year provision.

However, respondent's main support of the lower court's refusal to follow the mandatory language of Rule 41(e) is the case of Christin v. Superior Court, 9 Cal.2d 526, 71 P.2d 205, 112 A.L.R. 1153, which case is stated by respondent to be "the fountain and source for almost all later decisions." In the Christin case, however, the court recited that the basis of the plaintiff's position was "that while the appeal from the order changing venue was pending in the District Court of Appeal, *it was not possible* for the plaintiff to bring the cause to trial * * *. In our view this contention

is sound * * *." It later repeated the issue before the Supreme Court of California using this language: "We are thus led to a consideration of the question whether it was in fact *possible* for plaintiff to have brought the cause to trial during the time the appeal was pending." However, the court then at great length outlines the difficulties confronting the plaintiff in bringing the case to trial and then decided the case, not upon the question of "impossibility" but on the grounds of "impracticability" and "futility," and held that the time consumed by the appeal from the order changing venue was not to be counted in the 5-year period specified in the statute. We decline to be bound by the dictum thus expressed, as we would decline to be bound by further dictum which would except from the statute such reasons as "unreasonableness," "difficulty," "hardship," "inexpediency" or other similar conditions not appearing in the statute.

Nor is such adversion to a California case construing the California statute necessary to our purpose of constructing or interpreting our own statute, now Rule 41(e). In Ronnow v. City of Las Vegas, 57 Nev. 332, 65 P.2d 133, this court stated: "[W]e must bear in mind that our chief concern is to learn the intent of the legislature. [citing cases] Rules for statutory construction are merely aids in the ascertainment of the legislative intent."

In Stocks v. Stocks, 64 Nev. 431, 183 P.2d 617, we said, in treating the language of a venue statute as mandatory rather than discretionary: "This court has never held that the rule of statutory construction whereunder the interpretation by the highest court of a sister state, of a statute of that state copied by us, is strongly persuasive, is absolutely controlling. See Menteberry v. Giacometto, 51 Nev. 7, 267 P. 49." In the last-mentioned opinion, a tax case, we upheld the curative provisions of our tax statute, though California, from which state the statute was copied, had held contra. We acknowledged the persuasive effect of the California holding, but held that it was not conclusive. In State v. Ducker, 35 Nev. 214, 127 P. 990, this court said: "When the

legislative intent can be ascertained, that must govern, and all rules of construction are but mere aids in the ascertainment of such intent." In State ex rel. Baker v. Wichman, 52 Nev. 17, 24, 279 P. 937, we said: "[W]hether a word is to be construed as mandatory or directory depends upon the intention to be gathered from the statute, if such intention can be ascertained." See also State v. Shilling, 190 Okl. 305, 123 P.2d 674; McKenzie v. Missouri Stables, 225 Mo.A.R. 64, 34 S.W.2d 136; Kenney v. Wolff, 102 Cal.App.2d 132, 227 P.2d 285. In Smith v. Langston, 204 Okl. 444, 230 P.2d 736, the court used the following apt language: "Rules of statutory construction are never used to create, but only to remove, a doubt."

We are of the opinion that NRCP 41(e) is clear and unambiguous and requires no construction other than its own language. Whenever plaintiff has failed for two years after action is filed to bring it to trial, the court may exercise its discretion as to dismissing it, but when it is not brought to trial within five years, the court in the absence of a written stipulation extending time, shall dismiss it. In the latter case the exercise of discretion is not involved. Miller & Lux v. Superior Court, 192 Cal. 333, 219 P. 1006.

Respondent further contends that the doctrine of estoppel has application to proceedings of this nature; that if the defendant rests on his oars and permits the case to remain untried he should not be heard to complain; and that in any event he must show prejudice. But "it is the plaintiff upon whom the duty rests to use diligence at every stage of the proceeding to expedite his case to a final determination." J. C. Penney Co. v. Superior Court, 336 P.2d 545 (Cal.App. 1959). The defendant is required only to meet the plaintiff step by step as the latter proceeds. Words and conduct, short of a written stipulation, cannot in cases involving this statute constitute an estoppel. Miller & Lux v. Superior Court, 192 Cal. 333, 219 P. 1006; Christin v. Superior Court, supra.

Nor is it incumbent on the defendant to show prejudice resulting from the delay. Prejudice is presumed. Northern Ill. Corp. v. Miller, 78 Nev. 213, 370 P.2d 955. Accord: Jackson v. De Benedetti, 39 Cal.App.2d 574, 103 P.2d 990; State v. Superior Court, 3 Wash.2d 702, 102 P.2d 246.

Respondent further contends that to give the rule mandatory effect would deny petitioners the right to preserve and enforce their rights, and thus violate the due process clause. However, a constitutional right is always subject to reasonable statutory limitations of this nature. Muller v. Muller, 179 Cal.App.2d 815, 4 Cal.Rptr. 419.

Let the writ issue.

McNAMEE and THOMPSON, JJ., concur.