GLADYS SMITH, APPELLANT, *v.* SHERWIN GAR-SIDE AND RAYMOND GERMAIN, DBA BONANZA PRINTERS, RESPONDENTS.

No. 4750

May 26, 1965                    402 P.2d 246

*Harry E. Claiborne,* of Las Vegas, for Appellant.

*Denton, Monsey & Winne,* of Las Vegas, for Respondents.

## OPINION

By the Court, THOMPSON, J.:

The plaintiff did not bring her case to trial within three years after remittitur was filed by the clerk of the trial court. Therefore the lower court granted the defendants' motion to dismiss for want of prosecution, made pursuant to that part of NRCP 41(e) which provides: "When in an action after judgment, an appeal has been taken and judgment reversed with cause remanded for a new trial * * * the action must be dismissed by the trial court on motion of defendant after due notice to plaintiff, or of its own motion, unless brought to trial within three years from the date upon which remittitur is filed by the clerk of the trial court." This appeal followed. We affirm.

The chronology is footnoted.[1] The plaintiff excuses

---

[1] Oct. 25, 1960—remittitur filed in Smith v. Garside, 76 Nev. 377, 355 P.2d 849.

Apr. 21, 1961—plaintiff filed note for trial docket—case set for Oct. 9, 1961—vacated on agreement of counsel.

Nov. 8, 1961—plaintiff filed note for trial docket. Case set for March 28, 1962—vacated on agreement of counsel, and record notes that it was settled.

March 18, 1963—plaintiff filed note for trial docket—case set for Nov. 25, 1963—as an alternate to another civil case. The record notes that an earlier setting was not given because of a backlog of criminal cases entitled by statute to preference.

her failure to prosecute on two grounds. First, she insists that a settlement was reached, and directs our attention to the record showing that the trial date of March 28, 1962, was vacated because of the settlement understanding. Second, she argues that, when it later became apparent that the agreed upon settlement would not be effectuated, criminal cases had taken the court's trial calendar, making it impossible to try her cause within time. We cannot honor either contention in view of the record before us.

Arguendo, if a settlement was reached, counsel was obliged to finally consummate it and obtain a dismissal on that ground. Cf. Coleman v. Thompson, 73 Nev. 345, 319 P.2d 541. If the March 28, 1962, trial date was vacated because of the supposed settlement of the case, still by March 18, 1963, it was apparent to the plaintiff that settlement was not going to be made, for on that date she again noted the case for the trial docket. At that time, a little more than seven months remained before she would be precluded by NRCP 41(e). Upon learning that her case was assigned an alternate trial date beyond the three year period, she should have made the court aware of her problem. The record does not show that this was done. We are confident that, had the court been so advised, it would have accommodated her by at least commencing trial. The language of the rule is mandatory. Harris v. Harris, 65 Nev. 342, 349, 196 P.2d 402, 405 (dictum). Cf. Thran v. District Court, 79 Nev. 176, 380 P.2d 297; Astorga v. Ishimatsu, 77 Nev. 30, 359 P.2d 83 (both dealing with the mandatory 5 year dismissal provision of Rule 41(e)). The lower court was forced to grant the defendants' motion to dismiss. It had no discretion in the matter, nor do we have any on appeal from the dismissal order.

Affirmed.

BADT, J., and GABRIELLI, D. J., concur.