BANK OF NEVADA, AS SPECIAL ADMINISTRATOR OF THE ESTATE OF JUAN RODRIGUEZ, APPELLANT, v. MAURICE H. FRIEDMAN, RESPONDENT.

No. 6172

November 6, 1970                                    476 P.2d 172

*Albright, George, Johnson, Steffen & Simmons,* of Las Vegas, for Appellant.

*Lionel, Sawyer & Wartman* and *Steve Morris,* of Las Vegas, for Respondent.

## OPINION

By the Court, MOWBRAY, J.:

This is an appeal from an order of the district judge dismissing the complaint of the appellant-plaintiff, Bank of Nevada as Special Administrator of the Estate of Juan Rodriguez, against the respondent-defendant, Maurice H. Friedman, for failure to bring the action to trial within 5 years after the complaint was filed. NRCP 41(e).[1]

---

[1]NRCP 41. DISMISSAL OF ACTIONS

". . .

"(e) *Want of Prosecution.* The court may in its discretion dismiss any action for want of prosecution on motion of the defendant and after due notice to the plaintiff, whenever plaintiff has failed for two years after action is filed to bring such action to trial. Any action heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced or to which it may be transferred on motion of the defendant, after due notice to plaintiff or by the court upon its own motion, unless such action is brought to trial within five years after the plaintiff has filed his action, except where the parties have stipulated in writing that the time may be extended. When, in any action after judgment, a motion for a new trial has been made and a new trial granted, such action shall be dismissed on motion of defendant after due notice to plaintiff, or by the court of

There is no question that the 5-year period had expired, as the complaint was filed on November 6, 1964, and the 41(e) order of dismissal was entered on December 30, 1969. Between those dates, there was no attempt to bring the case to trial.

The Bank's main argument on this appeal is that the mandatory 5-year period requiring dismissal should in this case be extended an additional 293 days. The 293 days represent the period between February 24, 1966, when the Bank filed a notice of appeal from the order of the district judge granting summary judgment in favor of Friedman, and December 13, 1966, when the remittitur was filed with the County of Clark, reversing the order granting summary judgment. We do not agree, and we affirm the order of the district court dismissing the complaint.

This court has made its position clear in several cases that the only exception to a mandatory dismissal for failure to bring an action to trial within 5 years after the complaint is filed is a written stipulation of the parties agreeing to extend the 5-year period. We announced in Thran v. District Court, 79 Nev. 176, 181, 380 P.2d 297, 300 (1963):

"We are of the opinion that NRCP 41(e) is clear and unambiguous and requires no construction other than its own language. Whenever plaintiff has failed for two years after action is filed to bring it to trial, the court may exercise its discretion as to dismissing it, but when it is not brought to trial within five years, the court *in the absence of a written stipulation* extending time, *shall* dismiss it. In the latter case the exercise of discretion is not involved. [Citation omitted.]" (Emphasis added.)

---

its own motion, if no appeal has been taken, unless such action is brought to trial within three years after the entry of the order granting a new trial, except when the parties have stipulated in writing that the time may be extended. When in an action after judgment, an appeal has been taken and judgment reversed with cause remanded for a new trial (or when an appeal has been taken from an order granting a new trial and such order is affirmed on appeal), the action must be dismissed by the trial court on motion of defendant after due notice to plaintiff, or of its own motion, unless brought to trial within three years from the date upon which remittitur is filed by the clerk of the trial court. A dismissal under this subdivision (e) is a bar to another action upon the same claim for relief against the same defendants unless the court otherwise provides.

Again, as recently as Great W. Land & Cattle Corp. v. District Court, 86 Nev. 282, 285, 467 P.2d 1019, 1021 (1970), we said:

". . . When a case is not brought to trial within 5 years, the *only* exception to mandatory dismissal is a written stipulation . . . Rule 41, as written and construed, does not contemplate an examination of the equities. Any other construction would destroy the mandatory 5-year dismissal rule and make the determination a matter of trial court discretion." (Emphasis added.)

See also Lindauer v. Allen, 85 Nev. 430, 456 P.2d 851 (1969); Faye v. Hotel Riviera, Inc., 81 Nev. 350, 403 P.2d 201 (1965); Smith v. Garside, 81 Nev. 312, 402 P.2d 246 (1965).

The remittitur following the appeal was filed December 13, 1966. Almost 3 years passed before Friedman filed his 41(e) motion to dismiss, on December 3, 1969. Ample time was afforded the Bank to bring the case to trial.

It is true that, after the remittitur was filed, Friedman filed an amended answer on January 6, 1967. The case then remained dormant for the next 2 years, until February 17, 1969, when the Bank filed a demand for admissions, which Friedman did not answer until September 22, 1969. The Bank then, on October 29, 1969, submitted its interrogatories to Friedman, which he never answered. The Bank argues that Friedman's delay in responding to the request for admissions and his failure to answer the interrogatories delayed the prosecution of the case. This contention is meritless, for the record shows that the Bank extended additional time to Friedman beyond that period provided in the Nevada Rules of Civil Procedure for responding to the Bank's request for admissions. If Friedman had been dilatory, the Rules provided an adequate means for the Bank to compel Friedman to answer the interrogatories. See NRCP 37.[2] As this court said in Thran, supra,

---

[2]NRCP 37.  REFUSAL TO MAKE DISCOVERY: CONSEQUENCES:

" . . .

"(d) *Failure of Party to Attend or Serve Answers.*  If a party or an officer or managing agent of a party wilfully fails to appear before the officer who is to take his deposition, after being served with a proper notice, or fails to serve answers to interrogatories submitted under Rule 33, after proper service of such interrogatories, the court on motion and notice may strike out all or any part of any pleading of that party, or dismiss the action or proceeding or any part thereof, or enter a judgment by default against that party."

79 Nev. at 181, 380 P.2d at 300, quoting J. C. Penney Co. v. Superior Court, 336 P.2d 545, 547 (Cal.App. 1959):

". . . '[I]t is the plaintiff upon whom . . . rests [the duty] to use diligence at every stage of the proceedings to expedite his case to a final determination.' "

Litigation must end sometime. Under 41(e), a party must bring his case to trial within 5 years. If he fails to do so, the Rule provides that his case shall be dismissed, the only exception thereunder being a written stipulation by the parties agreeing to extend the 5-year period.

The judgment is affirmed.

BATJER and THOMPSON, JJ., and BARRETT, D. J., and MORSE, D. J., concur.