JOHN E. TRAIL AND ALICE N. TRAIL, Appellants, v.
JOHN C. FARETTO, NORA L. FARETTO AND HAR–
OLD JOSEPH FARETTO, Respondents.

No. 7755

June 18, 1975                  536 P.2d 1026

*Fred A. Nelson* and *James W. Johnson,* of Reno, for Appel-
lants.

*Echeverria & Osborne,* and *David Baba,* of Reno, for
Respondents.

# OPINION

*Per Curiam:*

Two actions were commenced in September and October of 1957 which three years later after issue was joined were consolidated. On October 27, 1965, the matters not having been brought to trial defendants moved to dismiss under the five-year provision of NRCP 41(e), but the motion was denied.[1]

Three years later the cases were set for trial for December 2, 1968. Instead of going to trial the parties on December 3, 1968, stipulated that they go off calendar, but the defendants reserved the right to assert "whatever legal positions available to them resulting from the plaintiffs' failure to bring the matter to trial at this time."

A year and a half later the trial court sua sponte entered an order of dismissal under 41(e). Plaintiffs appeal the trial court's refusal to stay proceedings to enforce the judgment and for an order vacating judgment, entered by a different judge, and the order of dismissal.

---

[1]NRCP 41(e):

Want of Prosecution. The court may in its discretion dismiss any action for want of prosecution on motion of the defendant and after due notice to the plaintiff, whenever plaintiff has failed for two years after action is filed to bring such action to trial. Any action heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced or to which it may be transferred on motion of the defendant, after due notice to plaintiff or by the court upon its own motion, unless such action is brought to trial within five years after the plaintiff has filed his action, except where the parties have stipulated in writing that the time may be extended. When, in any action after judgment, a motion for a new trial has been made and a new trial granted, such action shall be dismissed on motion of defendant after due notice to plaintiff,. or by the court of its own motion, if no appeal has been taken, unless such action is brought to trial within three years after the entry of the order granting a new trial, except when the parties have stipulated in writing that the time may be extended. When in an action after judgment, an appeal has been taken and judgment reversed with cause remanded for a new trial (or when an appeal has been taken from an order granting a new trial and such order is affirmed on appeal), the action must be dismissed by the trial court on motion of defendant after due notice to plaintiff, or of its own motion, unless brought to trial within three years from the date upon which remittitur is filed by the clerk of the trial court: A dismissal under this subdivision (e) is a bar to another action upon the same claim for relief against the same defendants unless the court otherwise provides.

The first order denying the motion to dismiss does not foreclose a succeeding motion of like nature when there has been a change of circumstances, here, an additional extensive lapse of time. O'Brien v. City of Santa Monica, 33 Cal.Rptr. 770 (Cal.App.2d 1963). Five years had elapsed from the first denial of the motion to dismiss. It is too well-settled to warrant further citations that whenever plaintiff has failed to bring an action to trial within five years from its filing the court in the absence of a written stipulation extending time shall dismiss the action. Furthermore, a court may, for sufficient cause shown, amend, correct, resettle, modify, or vacate, as the case may be, an order previously made and entered on motion in the progress of the cause or proceeding. J. J. Case Company v. McDonald, 280 P.2d 1070 (Idaho 1955); Mannah v. Robinson, 188 P.2d 360 (Okl. 1948).

Appellants' efforts to convince this court that the stipulation did not mean what it says are without merit. The operative dates contained in the stipulation were as stated and did not constitute an extension of time without limit.

Affirmed.