DAN H. JOHNSON, Appellant, *v.* WILLIAM HARBER, doing business as HARBER CONSTRUCTION, Respondent.

No. 9261

August 9, 1978                                                582 P.2d 800

*Jerry J. Kaufman,* Las Vegas, for Appellant.

*Albright & McGimsey,* and *William H. Stoddard,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

This case involves the failure of plaintiff-appellant to prosecute his claim within the mandatory five year period provided in NRCP 41(e). The complaint was filed on April 26, 1971, and appellant was substituted as real-party-in-interest plaintiff on July 9, 1971, with an amended complaint showing such substitution filed on July 12, 1971. Trial was eventually set for November 21, 1972, but defendant-respondent successfully moved to vacate trial set for that date.

Over two years later, appellant again attempted to bring the matter to trial, and a trial date was set for August 9, 1975. The trial court having erroneously set the trial date pursuant to its short-trial calendar *sua sponte* reset the trial date on a "stacked" calendar to be heard sometime between October 27 and October 30, 1975. The record is not clear as to what transpired next, but apparently, the trial was continued and subsequently the court *sua sponte* reset the trial date on the "stacked" calendar between April 26 and May 21, 1976. The court then again *sua sponte* reset the trial date for the "stacked" calendar between June 14 through July 8, 1976.

On June 24, 1976, respondent moved for dismissal pursuant to NRCP 41(e) for failure of appellant to bring the matter to trial within the five years as required. The motion for dismissal was granted on July 19, 1976, and appellant now appeals that order of dismissal.

The narrow question presented is whether NRCP 41(e) mandates dismissal for failure to prosecute within five years when the trial court *sua sponte* vacates the trial date and plaintiff and his counsel know of the court's action and remain silent.

NRCP 41(e) provides in relevant part:

> "Any action heretofore or hereafter commenced shall be dismissed . . . on motion of the defendant, after due notice to plaintiff or by the court upon its own motion, unless such action is brought to trial within five years after the plaintiff has filed his action, except where the parties have stipulated in writing that the time may be extended."

Although appellant appears to be the victim of unfortunate circumstances, this Court has consistently held that dismissal pursuant to NRCP 41(e) for failure to bring to trial a claim within five years of filing the complaint is mandatory. Meredith v. Arden, 92 Nev. 620, 555 P.2d 1241 (1976); Monroe, Ltd. v. Central Telephone Co., 91 Nev. 450, 538 P.2d 152 (1975); Trail v. Faretto, 91 Nev. 401, 536 P.2d 1026 (1975); Bank of Nevada v. Friedman, 86 Nev. 747, 476 P.2d 172 (1970); Great W. Land & Cattle v. District Ct., 86 Nev. 282, 467 P.2d 1019 (1970); Lindauer v. Allen, 85 Nev. 430, 456 P.2d 851 (1969); Faye v. Hotel Riviera, Inc., 81 Nev. 350, 403 P.2d 201 (1965); Thran v. District Court, 79 Nev. 176, 380 P.2d 297 (1963); Astorga v. Ishimatsu, 77 Nev. 30, 359 P.2d 83 (1961); Harris v. Harris, 65 Nev. 342, 196 P.2d 402 (1948).

We have said that

> [w]e are of the opinion that NRCP 41(e) is clear and unambiguous and requires no construction other than its own language. Whenever plaintiff has failed for two years after action is filed to bring it to trial, the court may exercise its discretion as to dismissing it, but when it is not brought to trial within five years, the court in the absence of a written stipulation extending time, shall dismiss it. In the latter case the exercise of discretion is not involved.

*Thran, supra,* 79 Nev. at 181, 380 P.2d at 300. In Smith v. Garside, 81 Nev. 312, 314, 402 P.2d 246, 247 (1965), this Court further held that

> [t]he language of the rule is mandatory. The lower court was forced to grant the defendants' motion to dismiss. It had no discretion in the matter, nor do we have any on appeal from the dismissal order. (Citations deleted.)

Furthermore,

> [r]ule 41, as written and construed, does not contemplate an examination of the equities. Any other construction would destroy the mandatory 5-year dismissal rule and make the determination a matter of trial court discretion.

*Great W. Land & Cattle, supra,* 86 Nev. at 285, 467 P.2d at 1021. In *Bank of Nevada, supra,* 86 Nev. at 749, 476 P.2d at 174, we stated:

> This court has made its position clear in several cases that the only exception to a mandatory dismissal for failure to bring an action to trial within 5 years after the complaint is filed is a written stipulation of the parties agreeing to extend the 5-year period.

It is the duty of each plaintiff to be sufficiently diligent to preclude entry of a 41(e) dismissal. *Monroe, supra; Bank of Nevada, supra; Thran, supra.*

Here, appellant was not unmindful of the rule requiring timely prosecution of his cause. Respondent had moved for a discretionary dismissal on January 31, 1975, pursuant to Rule 41(e) for failure to bring the cause to trial within two years after filing of the complaint. Appellant, in opposition to that motion, clearly indicated awareness of the time constraint and the exact date on which the complaint was filed.[1] Thus, appellant was obligated and aware of the obligation to pursue a timely trial date.

Appellant contends that the dismissal was premature because the substitution of plaintiffs and the filing of an amended complaint commenced anew the period within which to calculate the relevant time pursuant to 41(e). A similar argument confronted this Court in Volpert v. Papagna, 85 Nev. 437, 456 P.2d 848 (1969), and was rejected:

> [t]he date of the filing of the amended complaint is not the relevant date. The action was commenced . . . when the complaint was filed. NRCP 3.

Id. at 440, 456 P.2d at 850. Moreover, appellant has conceded in his opposition to a prior motion for dismissal that the action was commenced with the filing of the original complaint.

The order and judgment of the trial court dismissing the action is affirmed.

---

[1]There is no indication in the record of the subsequent disposition of this motion, but apparently appellant was successful in effecting its denial.