MARY ANN McGINNIS AND OWEN R. McGINNIS, APPELLANTS, v. CONSOLIDATED CASINOS CORP., A NEVADA CORPORATION, SAHARA-NEVADA CORPORATION, A NEVADA CORPORATION, DEL E. WEBB CORPORATION, AN ARIZONA CORPORATION, AND DEL E. WEBB HOTEL CO., AN ARIZONA CORPORATION D/B/A THE MINT HOTEL & CASINO, RESPONDENTS.

No. 12859

February 20, 1981                    623 P.2d 974

*Stanley Pierce,* Las Vegas, for Appellants.

*Dickerson, Miles, Pico, Mitchell & Wagner,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

Appellants sought damages from respondents for negligence. The action was filed August 1, 1975. Before trial began, appellants' amended complaint was dismissed. On appeal, we reversed the order of dismissal and remanded the matter with instructions to reinstate the amended complaint. McGinnis v. Consolidated Casinos Corp., 94 Nev. 640, 584 P.2d 702 (1978).

Thereafter, respondents filed a motion for summary judgment, which was granted by the district court. This second appeal ensued.

Respondents have now moved to dismiss this appeal, contending that even if we reversed the order granting summary judgment, NRCP 41(e) would require the district court to dismiss plaintiff's amended complaint. This is so, respondents contend, because no trial has been commenced within five years from the date the action originally was filed. We do not agree.

NRCP 41(e) provides that any action shall be dismissed if not brought to trial within five years "except where the parties have stipulated in writing that the time may be extended." Thus, in Bank of Nevada v. Friedman, 86 Nev. 747, 476 P.2d 172 (1970), this Court held it was mandatory for a district court to dismiss an action filed over five years previously, even though a portion of the five-year period had been consumed by an appeal. However, NRCP 41(e) also contains a further provision, with which we were not concerned in the *Friedman* case, to-wit:

*. . . When in an action after judgment, an appeal has been taken and judgment reversed with the cause remanded* for a new trial (or when an appeal has been taken from an order granting a new trial and such order is affirmed on appeal), *the action must be dismissed* by the trial court on motion of defendant after due notice to plaintiff, or of its own motion, *unless brought to trial within three years from the date upon which remittitur is filed by the clerk of the trial court* . . . . (Emphasis added.)

Therefore, the issue before us now is whether the sense of the provision just quoted is that a district court should have discretion to allow three years to bring any case to trial, after a prior judgment has been appealed and the cause remanded? Or should a district court be permitted to allow three years only when a case is remanded for a *new* trial?

Of course, the text of NRCP 41(e) only explicitly mentions "*new* trials." The rule is silent concerning whether three years, or some other time frame, is contemplated when an erroneous district court judgment is reversed, and a case thereupon remanded which has never yet been accorded any trial whatever. Nonetheless, we think the policy considerations which underlie the rule in the former situation also control the latter. If a district court should be permitted to allow a maximum of three years to re-try a case following reversal, then surely like exigencies dictate that the district court should have discretion to allow equal time, following remand, to conclude preparation and bring a matter to trial in the first instance.

As noted above, in the *Friedman* case, this three-year "savings" provision of NRCP 41(e) had no application, because in *Friedman* more than three years had elapsed, subsequent to remittitur, before the district court dismissed the action pursuant to the rule's five-year "mandatory" provision.

The motion to dismiss this appeal is therefore denied.