C. R. FEDRICK, INC., AND M. M. SUNDT CONSTRUCTION COMPANY, APPELLANTS, *v.* NEVADA TAX COMMISSION, RESPONDENT.

No. 12958

August 27, 1982                                   649 P.2d 1372

*Breen, Young, Whitehead & Belding,* Reno, for Appellants.

*Richard H. Bryan,* Attorney General, and *David M. Norris,* Deputy Attorney General, Carson City, for Respondent.

---

## OPINION

*Per Curiam:*

In June of 1970 respondent Nevada Tax Commission ("commission") notified appellants of a tax deficiency. Appellants unsuccessfully appealed to the commission for a redetermination, and in March of 1972 the commission issued its final decision specifying the amount of taxes with interest owed by appellants. In April of 1972 appellants petitioned the district court for judicial review of the commission's final determination. Various preliminary proceedings ensued until March of 1974 when the district court continued, for an indefinite period of time, a previously scheduled trial date. No further action was taken by either party in this matter for a period in excess of five years. In July of 1979 appellants filed a motion to dismiss the action. The district court denied the motion and entered a "default" judgment against them for the amount of the tax deficiency and interest. The district court subsequently denied appellants' motion to alter or amend that judgment.

We hold that the district court erred in refusing to grant appellants' motion to dismiss and in entering judgment in favor of the commission. Appellants filed their motion to dismiss more than seven years after the filing of their petition for judicial review of the commission's final decision.[1] The matter had never been brought to trial. Dismissal of the action was sought by appellants under NRCP 41(e), the pertinent part of which provides:

> Any action heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced or to which it may be transferred on motion of the defendant, after due notice to plaintiff or by the court upon its own motion, unless such action is brought to trial within five years after the plaintiff has filed his action, except where the parties have stipulated in writing that the time may be extended.

This Court has consistently held that absent a written stipulation by the parties extending the time period, a failure of the parties to bring an action to trial within five years mandates

---

[1] Although the parties were denominated "petitioner" and "respondent" in the court below, this designation is insignificant as the parties were postured in adversarial roles similar to plaintiff and defendant.

dismissal under this rule. Thran v. District Court, 79 Nev. 176, 181, 380 P.2d 297 (1963); Smith v. Garside, 81 Nev. 312, 314, 402 P.2d 246 (1965); Johnson v. Harber, 94 Nev. 524, 526, 582 P.2d 800 (1978). We have likewise held in respect of counterclaims, whether permissive or compulsory. Great Western Land E Cattle Corp. v. District Court, 86 Nev. 282, 284, 467 P.2d 1019 (1970). We do not hesitate to further advance the salutary purposes of the rule by extending its application to plaintiffs who seek dismissal of their own complaints.

The purpose of NRCP 41(e) is to compel an expeditious determination of legitimate claims. In Sacramento Transp. Co. v. California Reclamation Co., 269 P. 640, 641 (Cal. 1928), the California Supreme Court, in construing a virtually identical provision of its civil procedure code, said:

> [I]n the present case the motion to dismiss is made by the plaintiff beyond the five-year period of inaction after answer filed.
> . . . .
> The purpose of section 583 of the Code of Civil Procedure is to compel the parties to action in the direction of a speedy trial of causes after issue joined. The trial court in the instant case would have been bound on its own motion to dismiss the action upon having the facts showing an unwarrantable delay brought to its attention, and the fact that it was the plaintiff itself who made the motion is immaterial, since the duty of the court in the premises was mandatory, whether or not a motion to dismiss was made under said section by either of the parties to the action.

We concur with the reasoning in Sacramento Transp. Co., *supra,* and hold that the mandatory dismissal requirements of NRCP 41(e) may be invoked by the party who initiated the action; and, upon so doing, the district court must grant a dismissal absent circumstances coming within the exception specifically contained in the rule. Here, the record reflects no such exception, and accordingly the district court erred in denying appellants' motion to dismiss and in entering judgment against them.

Since our decision is dispositive of this appeal we decline to consider other issues raised by the parties. We reverse the district court's judgment in favor of respondent and remand with instructions to dismiss the action.

Reversed and remanded.