BELL & GOSSETT COMPANY, an Illinois Corporation, Appellant, v. OAK GROVE INVESTORS, a California Corporation, Respondent.

No. 21288

December 3, 1992                                  843 P.2d 351

*Hibbs, Roberts, Lemons, Grundy & Eisenberg,* Reno, for Appellant.

*Robison, Belaustegui, Robb & Sharp,* Reno, for Respondent.

# OPINION

*Per Curiam:*

This lingering controversy arose from problems with a hot water plumbing system installed in a large Reno apartment complex. Various subcontractors contributed to the plumbing system that improperly combined the domestic hot water system with the hot water heating system and utilized monoflow plumbing fittings manufactured by appellant Bell & Gossett Company. Allegedly, the fittings supplied by Bell & Gossett were inappropriate for the apartment complex plumbing system, and increased the water velocity beyond safe limits, causing erosion and corrosion. The hot water pipes began to leak, and it became necessary to redesign and replace the hot water plumbing system.

Respondent Oak Grove Investors purchased the apartment complex in January, 1979, and soon discovered extensive water damage caused by the problems with the plumbing and heating system. On February 15, 1980, Oak Grove brought suit in Nevada state court against several companies which participated in the project, alleging negligence, breach of warranty and strict products liability. The defendants filed various cross-claims against each other, including a July 1, 1980 cross-claim by Raypak, Inc. seeking contribution from Bell & Gossett.

Before trial, the district court granted Bell & Gossett's motion for summary judgment and dismissed all claims against it based on the determination that no defect existed in the Bell & Gossett product that was used in the apartment complex plumbing system. Raypak later obtained an amended summary judgment order which dismissed Oak Grove's direct claim against Bell & Gossett, but reinstated Raypak's cross-claim.

With the exception of Raypak, the remaining defendants settled with Oak Grove and obtained releases in exchange for a combined payment of $1.1 million. Oak Grove proceeded to trial against Raypak alone in November, 1981. The jury returned a verdict against Raypak for $2,750,896.60 on December 16, 1981. Later, the district court added costs and interest to the judgment, bringing the total judgment against Raypak to $3,156,487.46. In the March 19, 1982 final judgment, Raypak received credit for the $1.1 million paid by the settling defendants.

On September 21, 1983, Oak Grove received $1,600,000 on behalf of Raypak. Oak Grove in turn released Raypak and Raypak's seven insurance carriers (but specifically excluded Bell & Gossett from the release). In the same release, Raypak assigned to Oak Grove its cross-claim against Bell & Gossett. On May 30, 1984, Oak Grove filed a satisfaction of judgment.

Meanwhile, Oak Grove appealed the summary judgment in favor of Bell & Gossett. We determined that summary judgment had been improperly granted and reversed the district court's order. Oak Grove Inv. v. Bell & Gossett Co., 99 Nev. 616, 668 P.2d 1075 (1983). We concluded that even if Bell & Gossett's product was not manufactured defectively, a question remained as to whether the product was defective due to lack of a proper warning about hazards which could result from its improper use. *Id.* at 624, 668 P.2d at 1080. Our opinion was issued on August 31, 1983, and the remittitur was filed in the district court on October 12, 1983.

After remand, Oak Grove attempted to prosecute a direct claim against Bell & Gossett. However, on October 15, 1985, the district court dismissed Oak Grove's claim on the basis that it had been extinguished in 1984 when Oak Grove filed its satisfaction of judgment. *See* NRS 17.235.[1] The court's order did, however, allow Oak Grove to pursue Raypak's cross-claim for contribution against Bell & Gossett as Raypak's assignee.

Bell & Gossett subsequently moved to dismiss the assigned cross-claim for failure to bring the matter to trial within five years. The district court denied the motion on August 20, 1986, concluding that under NRCP 41(e), Oak Grove had three years from the date of the filing of the remittitur within which to bring the assigned cross-claim to trial.

Thereafter, Bell & Gossett filed a petition in this court for a writ of mandamus, challenging the district court's denial of its motion to dismiss. We stayed the proceedings on September 30, 1986 (twelve days before the three-year statutory period in which to bring the action to trial after remittitur expired) in order to consider Bell & Gossett's position. On December 4, 1986, we denied the petition and lifted the stay, based upon our decision in State ex rel. Department of Transportation v. Thompson, 99 Nev. 358, 662 P.2d 1338 (1983), to no longer entertain petitions for extraordinary relief challenging district court orders denying motions to dismiss.

On December 10, 1986, the case was set for trial to commence on December 17, 1986. However, the three-year statutory period expired on December 16, 1986. On December 17, 1987, in open court, Bell & Gossett filed a motion to dismiss for want of prosecution. The district court denied the motion and began the

---

[1]NRS 17.235 states:

"The recovery of a judgment for an injury or wrongful death against one tortfeasor does not of itself discharge the other tortfeasors from liability for the injury or wrongful death *unless the judgment is satisfied.* The satisfaction of the judgment does not impair any right of contribution." (Emphasis added.)

trial on the assigned cross-claim over Bell & Gossett's objection. After one witness was sworn and briefly examined, the trial was continued to an unspecified future date.

On February 22, 1989, Oak Grove filed a complaint for declaratory judgment in federal court. On October 2, 1989, the federal district court entered an order certifying twelve questions to this court, which we have entertained.[2] For the reasons discussed below, we advise the federal court that under Nevada law, no cause of action remains to be pursued against Bell & Gossett.

We deal first with the timeliness issue. NRCP 41(e) requires a cause of action not brought to trial within five years after it is filed to be dismissed. The provisions of Rule 41 are applicable to cross-claims. NRCP 41(c); Great W. Land & Cattle Corp. v. District Court, 86 Nev. 282, 284, 467 P.2d 1019, 1021 (1970). The December 17, 1986 trial date was well beyond the five-year limit. However, we agree with the district court that when Oak Grove obtained a reversal of the summary judgment granted to Bell & Gossett, a new three-year time limit within which to bring the action to trial commenced.

NRCP 41(e) provides in part:

> When in an action after judgment, an appeal has been taken and judgment reversed with cause remanded for a new trial . . . , the action must be dismissed by the trial court on motion of any party after due notice to the parties, or of its own motion, unless brought to trial within three years from the date upon which remittitur is filed by the clerk of the trial court.

The above language specifically addresses the situation when a cause is remanded for a new trial, but we have held that a district court may accord the same three-year limit in which to bring an action to trial in the first instance after remand. McGinnis v. Consolidated Casinos Corp., 97 Nev. 31, 623 P.2d 974 (1981). Oak Grove, then, had three years after the remittitur was filed with the district court in which to pursue its direct action against Bell & Gossett. We conclude that the reversal of summary judgment also created a new three-year time limit in which to bring the assigned cross-claim. See Massey v. Sunrise Hospital, 102 Nev. 367, 370, 724 P.2d 208, 210 (1986).

In this instance it was not unreasonable for Raypak to wait to pursue its contribution claim until we reversed the district court's determination that Bell & Gossett was without fault. Therefore,

---

[2]Two of the certified questions have not been briefed on appeal, and are therefore considered abandoned.

Oak Grove, as assignee of the cross-claim, was entitled to the three-year period upon filing of the remittitur.

However, this determination does not end the inquiry of timeliness. Bell & Gossett contends, and we agree, that Oak Grove failed to bring the cross-claim to trial within three years of the filing of the remittitur. The remittitur was filed on October 12, 1983. Therefore, the matter should have been brought to trial by October 12, 1986. However, the time for bringing the matter to trial under NRCP 41(e) was tolled during the period of September 30, 1986 through December 4, 1986 while our stay of the proceedings was in effect. *See* Boren v. City of North Las Vegas, 98 Nev. 5, 638 P.2d 404 (1982). At the time the stay was issued, Oak Grove had twelve days remaining before the three-year period expired. Thus, when the stay was lifted on December 4, 1986, the three-year period again began to run and expired twelve days later on December 16th, the day *before* trial began. We have consistently held that the language of NRCP 41(e) requiring dismissal of actions not brought to trial within the prescribed time frame is mandatory. *See, e.g., Massey;* Johnson v. Harber, 94 Nev. 524, 582 P.2d 800 (1978); Lindauer v. Allen, 85 Nev. 430, 456 P.2d 851 (1969); Smith v. Garside, 81 Nev. 312, 402 P.2d 246 (1965). Accordingly, Bell & Gossett's motion to dismiss the assigned cross-claim on December 17, 1986, for failure to bring it to trial within three years of the filing of the remittitur should have been granted.[3]

Even in the absence of the timeliness problem, we are unaware of any legal ground upon which Oak Grove could legitimately enforce the cross-claim at this point. In Nevada, enforcement of a tortfeasor's right to contribution from other tortfeasors is governed by NRS 17.285, which (in relevant part) provides:

> 1. Whether or not judgment has been entered in an action against two or more tortfeasors for the same injury or wrongful death, contribution may be enforced by separate action.
> 2. Where a judgment has been entered in an action against two or more tortfeasors for the same injury or wrongful death, contribution may be enforced in that action by judgment in favor of one against other judgment defendants by motion upon notice to all parties to the action.

---

[3]Oak Grove makes several arguments why it should have received additional days in which to bring the matter to trial, all of which we find meritless.

3. If there is a judgment for the injury or wrongful death against the tortfeasor seeking contribution, any separate action by him to enforce contribution must be commenced within 1 year after the judgment has become final by lapse of time for appeal or after appellate review.

The above statute indicates that two methods exist to enforce a tortfeasor's right to contribution. Contribution may be enforced by a separate action commenced within one year after the judgment has become final by lapse of time for appeal or after appellate review. It is undisputed that a separate action specifically for contribution was not commenced within one year.

The second method is to enforce the right to contribution in the same action in which judgment is entered against two or more tortfeasors. NRS 17.285(2). However, judgment was *not* entered against two or more tortfeasors in the original action—only against Raypak. Also, Bell & Gossett, having never been found liable, cannot be a judgment defendant for purposes of NRS 17.285(2). Furthermore, it is difficult to accept that the action now pending in federal court eleven years after the jury trial is the "same action." Since neither method of enforcing a right to contribution was pursued here, Oak Grove retains no right to enforce its acquired cross-claim against Bell & Gossett.

Accordingly, because the cross-claim against Bell & Gossett is no longer enforceable, we advise the federal district court that under Nevada law, no valid action remains for Oak Grove to pursue against Bell & Gossett. Our disposition of this case makes it unnecessary to discuss the remaining certified questions.