NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 6 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RONALD LAW,<br><br>   Plaintiff-Appellant,<br><br>v.<br><br>KINROSS GOLD U.S.A., INC,<br><br>   Defendant-Appellee. | No. 14-15990<br><br>D.C. No. 3:12-cv-00261-LRH-VPC<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted May 11, 2016**
San Francisco, California

Before: McKEOWN and FRIEDLAND, Circuit Judges and LEFKOW,*** Senior District Judge.

Ronald Law appeals the district court's entry of summary judgment in favor

---

\*   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*   The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*   The Honorable Joan H. Lefkow, Senior District Judge for the U.S. District Court for the Northern District of Illinois, sitting by designation.

of Kinross Gold USA, Inc., on the following claims: violation of the Family and Medical Leave Act (FMLA), 29 U.S.C. §§ 2601 et seq., and tortious retaliation and discharge in violation of Nevada's public policies regarding worker's compensation, free speech, and access to courts.[1] We have jurisdiction under 28 U.S.C. § 1291. We affirm.

We review a district court's grant of summary judgment de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). "We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." *Prison Legal News v. Lehman*, 397 F.3d 692, 698 (9th Cir. 2005).

## I.    FMLA

Law's claim is one of interference with or entitlement to FMLA leave for a serious health condition under 29 U.S.C. § 2615(a)(1). *See Bachelder v. Am. W. Airlines, Inc.*, 259 F.3d 1112, 1124 (9th Cir. 2001) (explaining that allegations of denial of use of FMLA leave is a claim for interference under § 2615(a)(1)). To

---

[1] The action before the district court also included claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and retaliation and discharge in violation of public policy (refusing to engage in illegal conduct). These issues are waived because they are not raised on appeal. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

2

establish interference, the employee must prove that "(1) he was eligible for the FMLA's protections, (2) his employer was covered by the FMLA, (3) he was entitled to leave under the FMLA, (4) he provided sufficient notice of his intent to take leave, and (5) his employer denied him FMLA benefits to which he was entitled." *Sanders v. City of Newport*, 657 F.3d 772, 778 (9th Cir. 2011).

Law contends that he was wrongfully denied leave under 29 U.S.C. § 2612(a)(1)(D)—for "a serious health condition" that made him "unable to perform the functions of [his] position" at Kinross during a four-day hospitalization from April 5 to April 9, 2010. A "serious health condition" includes "an illness, injury, impairment, or physical or mental condition that involves—(A) inpatient care in a hospital. . . ." 29 U.S.C. § 2611(11); *see also* 29 C.F.R. § 825.113(a). For an unforeseeable medical condition such as Law's, notice to the employer may be minimal, but an employee "has an obligation to respond to an employer's questions designed to determine whether an absence is potentially FMLA-qualifying." 29 C.F.R. § 825.303(b). "Failure to respond to reasonable employer inquiries regarding the leave request may result in denial of FMLA protection if the employer is unable to determine whether the leave is FMLA-qualifying." *Id.*

Law failed to establish that he was eligible for FMLA benefits. He argues that Kinross did not comply with 29 C.F.R. § 825.300(c)(1), requiring an employer

3

to "provide written notice detailing the specific expectations and obligations of the employee and explaining any consequences of a failure to meet these obligations." The record belies the argument. Shortly after Law informed Kinross that he had been hospitalized, Kinross delivered to him a letter requesting additional information. The letter directed him "to complete and return" attached FMLA forms if he wished to apply for FMLA leave. The forms advised in bold type that "in order for us to determine whether your absence qualifies as FMLA leave, you must return the following information to us by <u>April 28, 2010</u>," and directed him to provide "[s]ufficient certification to support [his] request for FMLA leave." Law does not deny receiving the letter and forms or that he did not return the forms.[2] By failing to respond to the request for information, Kinross was unable to determine whether Law was entitled to FMLA leave. Having been warned of the consequence of failing to provide documentation of his medical condition, Law

---

[2] Law asserts in his briefs to this court that he "never admitted to receiving the form," but he never actually denies or challenges Kinross's assertion that the letters and forms were delivered to him—or the district court's treating that delivery as an uncontested fact. Law instead focuses his appellate argument on the content of the notices, contending that "the FMLA form does not actually state the consequences of not returning the form." He has thus waived any argument that he did not receive the notices. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 919 (9th Cir. 2001) (arguments not "specifically and distinctly . . . raised in a party's opening brief are waived"). And, as discussed herein, the contention that the notices provided insufficient information fails.

lost FMLA protection. *See* 29 C.F.R. § 825.303(b).

Law next argues that there are issues of material fact as to whether he would have been terminated had he not needed or requested FMLA leave. He relies on the temporal proximity of his hospitalization and termination and on the lack of previous discipline in his work record as evidence of causation. Suspicious timing may be circumstantial evidence of a causal link between exercise of FMLA rights and an adverse employment action, *see Pagel v. TIN Inc.*, 695 F.3d 622, 631 (7th Cir. 2012), but "[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (footnote omitted).

Law's evidence raises only metaphysical doubt. The overwhelming evidence before the district court was that Kinross had set the discharge in motion months before Law's hospitalization and had set a target date of mid-April 2010 for the termination to occur, a time that only happened to coincide with Law's unanticipated hospitalization. Accordingly, the district court did not err in granting summary judgment on Law's FMLA claim. *See Sanders*, 657 F.3d at 780 (noting that an employer does not violate the FMLA by denying restoration to employment where it demonstrates "that an employee would not otherwise have been employed at the time reinstatement is requested." (quoting 29 C.F.R. § 825.316(a))).

## II. Tortious Discharge Claims

In Nevada, an employer commits a tortious discharge by terminating an at-will employee for reasons that violate public policy. *Brown v. Eddie World, Inc.*, 348 P.3d 1002, 1003 (Nev. 2015) (en banc) (citing *D'Angelo v. Gardner*, 819 P.2d 206 (Nev. 1991)). Public policy is violated where an employer discharges an employee for seeking worker's compensation benefits. *Hansen v. Harrah's*, 675 P.2d 394, 397 (Nev. 1984) (per curiam). Law concedes that he never filed a worker's compensation claim but relies on evidence that he asked about worker's compensation when he called Kinross on April 6 and that he had been complaining to Kinross about a work-related injury since the previous August. That Law had been complaining in the past but was not fired tends to favor Kinross and, since Law produced no evidence that he even had a workplace injury, temporal proximity to the phone call is insufficient evidence of causation to create a triable issue of fact.

Neither did the district court err in granting summary judgment on Law's claim of tortious discharge for engaging in free speech. Nevada courts have not recognized such a claim. Law relies on a California decision recognizing an action against private employers who discharge an employee for exercising political speech while off duty. *Ali v. L.A. Focus Publ'n*, 5 Cal. Rptr. 3d 791, 798–99 (Cal. Ct. App. 2003). Although California law can be persuasive when interpreting

6

Nevada law, *see Thran v. First Jud Dist. Ct. In & For Ormsby County*, 380 P.2d 297, 299 (Nev. 1963), California courts of appeal are actually divided on this issue. *Compare Ali*, *to Grinzi v. San Diego Hospice Corp.*, 14 Cal. Rptr. 3d 893, 899 (Cal. Ct. App. 2004). Even if *Ali* were authoritative, Law's evidence does not support a claim for tortious discharge based on free speech because his speech was on-duty and not political.

Finally, to the extent Law mentions access to courts as a basis for his tortious discharge claim independent of his free speech arguments, he has failed to show that this is the kind of "rare and exceptional case[] where the employer's conduct violates strong and compelling public policy" sufficient to state a cause of action cognizable under Nevada law. *Sands Regent v. Valgardson*, 777 P.2d 898, 900 (Nev.1989) (per curiam) (stating that Nevada "severely limit[s]" public policy tortious discharge claims). Indeed, Law himself concedes in his briefing that Nevada courts have never recognized such a claim.

Summary judgment was proper.

**AFFIRMED.**