FLINTKOTE COMPANY; COMMERCE & INDUSTRY INSURANCE CO.; COMMERCIAL UNION INSURANCE CO. OF AMERICA; EAGLE STAR INSURANCE COMPANY, LTD.; FIREMAN'S FUND INSURANCE COMPANY; GLENS FALLS INSURANCE COMPANY; GREAT AMERICAN INSURANCE COMPANY; INDUSTRIAL INDEMNITY COMPANY; NATIONAL FIRE INSURANCE COMPANY; NATIONAL UNION FIRE INSURANCE COMPANY; RELIANCE INSURANCE COMPANY; SOUTH CAROLINA INSURANCE COMPANY; TRAVELERS INDEMNITY COMPANY; UNITED STATES FIRE INSURANCE CO.; UNDERWRITERS AT LLOYDS, LONDON AND CERTAIN CO.'S IN ENGLAND; TRANSAMERICAN INSURANCE COMPANY; ALL FOREIGN CORPORATIONS AUTHORIZED TO DO BUSINESS IN THE STATE OF NEVADA, APPELLANTS, *v.* INTERSTATE EQUIPMENT CORPORATION, A FOREIGN CORPORATION AUTHORIZED TO DO BUSINESS IN THE STATE OF NEVADA, RESPONDENT.

No. 8940

December 1, 1977                    571 P.2d 815

*Jones, Jones, Bell, LeBaron, Close & Brown,* and *Gary R. Goodheart,* Las Vegas, for Appellants.

*Beckley, Singleton, DeLanoy, Jemison & Reid, Chartered,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from an order of the district court dismissing appellants-plaintiffs' complaint for not bringing the action to trial within five years. Appellants predicate their appeal on the novel theory that the parties entered into a stipulation, which was approved by the district judge, striking a paragraph from plaintiffs' complaint, and that such stipulation carried with it a necessary implication that the parties were agreeing to extend the five-year period set forth in NRCP 41 (e).[1]

We find, as did the lower court, no such implication in the stipulation. Indeed, the language of the rule provides that a stipulation to continue the five-year period shall be in writing. Appellants cite no authority except Spiegelman v. Gold Dust Texaco, 91 Nev. 542, 539 P.2d 1216 (1975), which is not supportive of their position, since *Spiegelman* dealt with a discretionary dismissal for lack of prosecution, rather than a mandatory dismissal after the expiration of five years, as in the instant case.

We affirm, with costs to respondent.

---

[1]NRCP 41(e) provides, in part:

Any action heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced or to which it may be transferred on motion of the defendant, after due notice to plaintiff or by the court upon its own motion, unless such action is brought to trial within five years after the plaintiff has filed his action, except where the parties have stipulated in writing that the time may be extended. . . .