RICHARD C. PROSTACK, Individually, and RICHARD C. PROSTACK, dba R. C. PROSTACK & ASSOCIATES, Appellants, v. PAUL LOWDEN, an Individual, and HACIENDA HOTEL & CASINO, Respondents.

No. 11946

February 28, 1980                    606 P.2d 1099

*L. Earl Hawley,* Las Vegas, for Appellants.

*Wiener, Goldwater & Waldman,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

Appellants' complaint was dismissed by the district court under NRCP 41(e) for failure to bring the action to trial within five years. We affirm.

Appellants'. complaint, seeking damages for breach of an oral contract, was filed on February 21, 1974. On August 29, 1978, appellants moved for an early trial date, on the ground that the five year limitation of NRCP 41(e) would run on February 20, 1979. The trial was set for January 15, 1979, and discovery proceeded. On January 5, 1979, appellants indicated

to respondents that a hitherto unknown witness would testify at trial. On January 10, 1979, respondents moved to vacate the trial date and continue the matter in order to depose the new witness; appellants did not oppose the motion and the court reset the trial for April 9, 1979. The motion and the order entered granting it made no mention of the five year limitation, and neither party brought it to the attention of the court. On March 13, 1979, respondents moved for mandatory dismissal under NRCP 41(e) on the ground that the five years had expired; appellants opposed the motion, contending that respondents had stipulated to the extension of the five year period in stipulating to the additional time for discovery. The district court ruled that after the five years had elapsed from the filing of the complaint, in the absence of a written stipulation, dismissal was mandatory, and ordered the complaint dismissed. This appeal ensued.

Our previous decisions construing NRCP 41(e) clearly indicate that mandatory dismissal for failure to bring an action to trial within five years from the filing of the complaint can be avoided only by a written stipulation between the parties extending the time. Johnson v. Harber, 94 Nev. 524, 582 P.2d 800 (1978). We do not quarrel with appellants' contention that an oral stipulation, entered into in open court, approved by the judge, and spread upon the minutes, is the equivalent of a written stipulation for the purposes of this rule. Indeed, in Thran v. District Court, 79 Nev. 176, 181, 380 P.2d 297, 300 (1963), we held only that "words and conduct . . . *short* of a written stipulation" cannot estop a defendant from asserting the mandatory dismissal rule. In the instant case, however, the stipulation for a continuance was silent as to the expiration of the five year limit, and the judge who heard the motion was not made aware of the problem. If the issue of the five year rule had been raised at the hearing on the motion for a continuance, the district judge would have been able to schedule the trial at a date within the five year period, to condition the granting of the continuance on a written stipulation to waive the five year rule, or to deny the continuance altogether. It is upon the plaintiffs, the appellants here, that the duty rests to bring the case to trial within the period specified by the rule.

It is not contended that the conduct of respondents here amounted to fraud upon appellants or upon the court. *See* Evans v. Cook, 11 Nev. 69 (1876). Absent a showing of extrinsic fraud, we decline to formulate exceptions to the plain language of the rule.

Affirmed.