An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

BR CONSTRUCTION, LLC, A NEVADA LIMITED LIABILITY COMPANY,
Petitioner,
vs.
THE NINTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF DOUGLAS; AND THE HONORABLE DAVID R. GAMBLE,
Respondents,
and
HOLBROOK BEEF AND CATTLE COMPANY, LLC,
Real Party in Interest.

No. 67517

**FILED**

MAY 2 9 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER GRANTING PETITION FOR WRIT OF MANDAMUS*

This original petition for a writ of mandamus challenges a district court order denying a motion to dismiss for failure to bring the case to trial within five years as required by NRCP 41(e).

NRCP 41(e) requires the district court to dismiss any action not brought to trial within five years. "Dismissal is mandatory; NRCP 41(e) does not allow for examination of the equities of dismissal or protection of a plaintiff who is the victim of unfortunate circumstances." *Monroe v. Columbia Sunrise Hosp. & Med. Ctr.*, 123 Nev. 96, 99-100, 158 P.3d 1008, 1010 (2007). Instead, this court has stated that "it is incumbent upon the plaintiff to act diligently and 'carefully track the crucial procedural dates and to actively advance the case at all stages.'" *Id.* (quoting *Allyn v. McDonald*, 117 Nev. 907, 912, 34 P.3d 584, 587 (2001)).

15-16413

Here, there is no dispute that when BR Construction filed its motion to dismiss in December 2014, five years had passed since the filing of Holbrook's complaint on July 31, 2009. Rather, Holbrook argues that the parties' settlement agreement stayed the action until December 10, 2013, when the district court lifted the stay, and that the stay operated to toll the five-year period. Further, Holbrook argues that BR Construction's "subterfuge" in asking to vacate the trial date and then not filing for bankruptcy as indicated should toll the period. Finally, Holbrook asks that any dismissal be entered without prejudice.

Because the district court did not order the stay and the parties did not explicitly agree to extend the five-year period, the five-year period was not tolled. *Boren v. City of N. Las Vegas*, 98 Nev. 5, 5-6, 638 P.2d 404, 404 (1982) (holding that court-ordered stays extend the five-year period); *Prostack v. Lowden*, 96 Nev. 230, 231, 606 P.2d 1099, 1099-1100 (1980) (explaining that a stipulation must expressly extend the five-year deadline; a stipulation to continue the trial date that makes no mention of the five-year rule does not suffice, and a defendant's "'(w)ords and conduct, short of a written stipulation' cannot estop a defendant from asserting the mandatory dismissal rule" (quoting *Thran v. First Judicial Dist. Court*, 79 Nev. 176, 181, 380 P.2d 297, 300 (1963))). Accordingly, the district court was required to dismiss the action.

With regard to Holbrook's request that any dismissal be entered without prejudice, "the district court has broad discretion in determining whether an NRCP 41(e) dismissal should be with or without prejudice." *Home Sav. Ass'n v. Aetna Cas. & Sur. Co.*, 109 Nev. 558, 563-64, 854 P.2d 851, 854 (1993). The district court has not yet considered this proposal, and thus, this court's intervention would be premature as to that

issue. *See Kochendorfer v. Bd. of Cnty. Comm'rs.*, 93 Nev. 419, 422, 566 P.2d 1131, 1133 (1977) (explaining that mandamus cannot be used to control the proper exercise of discretion or to substitute the judgment of this court for that of the district court). Thus, without deciding the prejudice issue, mandamus is warranted, NRS 34.160 (providing that mandamus will issue to compel an act enjoined by law); *Smith v. Eighth Judicial Dist. Court*, 113 Nev. 1343, 1344-45 & n.1, 1348, 950 P.2d 280, 281 & n.1, 283 (1997), and we

ORDER the petition GRANTED AND DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF MANDAMUS instructing the district court to grant the motion to dismiss under NRCP 41(e).

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

cc:  Chief Judge, The Ninth Judicial District Court
     Hon. David R. Gamble, Senior Judge
     James J. Rankl
     Oshinski & Forsberg, Ltd.
     Douglas County Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A