# IN THE SUPREME COURT OF THE STATE OF NEVADA

WESTERN CAB COMPANY, DULY
AUTHORIZED TO CONDUCT
BUSINESS IN THE STATE OF
NEVADA; AND ARAI TECLEMICAEL,
Appellants,
vs.
RICHARD V. DAHL,
Respondent.

WESTERN CAB COMPANY, DULY
AUTHORIZED TO CONDUCT
BUSINESS IN THE STATE OF
NEVADA; AND ARAI TECLEMICAEL,
Appellants,
vs.
RICHARD V. DAHL,
Respondent.

No. 73409

FILED

MAR 29 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S.Young
DEPUTY CLERK

No. 73649

## *ORDER OF REVERSAL AND REMAND*

These are consolidated appeals from a final judgment following a jury trial in a personal injury matter (Docket No. 73409) and a post-judgment order awarding attorney fees (Docket No. 73649). Eighth Judicial District Court, Clark County; Rob Bare, Judge.

### *FACTS AND PROCEDURAL HISTORY*

In 2008, respondent Richard Dahl suffered injuries while riding in a taxicab that was involved in a collision. In September 2010, Dahl filed the underlying personal injury lawsuit against appellants Western Cab Company and Arai Teclemicael, the respective owner and driver of the cab involved in the accident (collectively, "Western"). Trial was initially scheduled for September 2012, but for discovery-related issues, evidentiary-related issues, and professional-courtesy-related issues, the trial was

postponed until June 2015. At a May pretrial conference, Dahl indicated he was prepared to go to trial on the June 2015 date. However, after the conference, Dahl's counsel and Western's counsel mutually agreed to continue the June 2015 trial date to accommodate both sides' schedules. When the trial was rescheduled for September 2015 on a date that would have been outside NRCP 41(e)'s 5-year requirement for bringing an action to trial,[1] Dahl's counsel asked Western's counsel to sign a written stipulation waiving the 5-year rule, but Western's counsel refused to do so.[2]

This caused Dahl to file a Motion to Extend Five Year Rule, which Western opposed, arguing that the 5-year rule could not be extended absent a written stipulation, and that its agreement to continue the trial did not amount to a written stipulation to waive the 5-year rule. At an August 2015 hearing on the motion, the parties and the district court reached a compromise. In particular, Western indicated that it was planning on filing a writ petition challenging a previous evidentiary ruling that the district court had made, and the district court indicated it would stay the case until April 2, 2016, to see if the writ petition had been entertained, thereby tolling the 5-year rule during that time frame. The trial date was then rescheduled for April 18, 2016, which, with the time the stay was in place, put the new 5-year expiration date at April 29, 2016.

---

[1]Effective March 1, 2019, the language in NRCP 41(e) was amended. *See In re Committee to Update and Revise the NRCP*, ADKT 522 (Order Amending the Rules of Civil Procedure, the Rules of Appellate Procedure, and Nevada Electronic Filing and Conversion Rules, December 31, 2018). This disposition addresses the pre-amendment version of NRCP 41(e), which was in effect during the district court proceedings in the instant case.

[2]There is some indication in the record that Western did not authorize counsel to sign the stipulation.

On April 18, 2016, Dahl's counsel showed up for trial and informed the court and Western that Dahl had suffered a stroke a few days earlier. Dahl's counsel asked to continue the trial, and when the district court asked Western's counsel if he objected to a continuance, counsel said "we don't oppose it. We understand that strokes are hard to predict." The trial was then rescheduled for July 25, 2016, with no discussion regarding the fact that the 5-year deadline would be expiring in 11 days and that the rescheduled trial was 3 months beyond that deadline. At the same hearing, and in light of the continuance, Western's counsel requested permission to provide formal briefing on an evidentiary issue pertaining to whether Dahl was wearing his seat belt at the time of the accident, which the district court granted.

The parties then attended a hearing on July 7, 2016, in which the district court addressed several motions in limine that Dahl had filed. At no point during this hearing did Western bring up the since-expired 5-year rule. Then on July 18, the district court's chambers emailed counsel for both sides and informed them that an ongoing trial might run long, thereby preventing the district court judge from presiding over the parties' trial on July 25. In response, both parties indicated their willingness to continue the trial, and the district court rescheduled the trial for early 2017.

On, July 26, 2016, however, Western filed a motion to dismiss based on the 5-year rule, arguing that since trial had not started by April 29, 2016, dismissal was required. Dahl opposed the motion, and the district court denied it, reasoning that Western's counsel's agreement in open court on April 18, 2016, to continue the trial until July 25, 2016, as was later reflected in the April 18 court minutes, constituted a written stipulation to waive the 5-year rule.

 

The case eventually proceeded to trial in April 2017, and a jury awarded Dahl $110,000 in damages. Thereafter, the district court awarded Dahl roughly $150,000 in an attorney fees based on a previous offer of judgment that Western had rejected. Western now appeals both the judgment on the jury verdict (Docket No. 73409) and the post-judgment award of attorney fees (Docket No. 73649).

## DISCUSSION

Resolution of these appeals hinges on whether the district court correctly determined that Western waived NRCP 41(e)'s 5-year rule in conformity with that rule. NRCP 41(e) provides that "[a]ny action . . . commenced shall be dismissed by the court . . . unless such action is brought to trial within 5 years after the plaintiff has filed the action, *except where the parties have stipulated in writing that the time may be extended.*" (Emphasis added.) We review issues involving the interpretation of the NRCP de novo. *Webb v. Clark Cty. Sch. Dist.*, 125 Nev. 611, 618, 218 P.3d 1239, 1244 (2009).

As indicated, NRCP 41(e) mandates dismissal of an action that is not brought to trial within five years "except where the parties have stipulated in writing that the time may be extended." In *Thran v. First Judicial District Court*, 79 Nev. 176, 181, 380 P.2d 297, 300 (1963), this court held that NRCP 41(e)'s language is "clear and unambiguous and requires no construction other than its own language," i.e., a district court must dismiss an action not brought to trial within 5 years "in the absence of a written stipulation extending the time." Subsequently in *Prostack v. Lowden*, 96 Nev. 230, 231, 606 P.2d 1099, 1099-1100 (1980), this court clarified that "an oral stipulation, entered into in open court, approved by the judge, and spread upon the minutes, is the equivalent of a written

stipulation for the purposes of this rule." However, *Prostack* also explicitly stated that a stipulation that is silent as to the 5-year rule, but that incidentally moves the trial date beyond the 5-year period, is not sufficient to satisfy NCRCP 41(e)'s written-stipulation requirement. *Id.* at 231, 606 P.2d 1100. *Prostack* further reiterated that "'words and conduct . . . short of a written stipulation' cannot estop a defendant from asserting the mandatory dismissal rule." *Id.* (quoting *Thran*, 79 Nev. at 181, 380 P.2d at 300).

Here, the April 18, 2016, stipulation from Western's counsel was silent as to NRCP 41(e)'s 5-year rule, meaning that under *Prostack*, it was not sufficient to satisfy the rule's written-stipulation requirement. Accordingly, the district court was obligated to grant Western's July 26, 2016, motion to dismiss. We therefore reverse the ensuing judgment on the jury verdict as well as the post-judgment award of attorney fees.

We are cognizant of Dahl's arguments that Western was partially to blame for the delays in bringing the case to trial, as well as the parties' and the court's awareness in Summer 2015 that the 5-year rule was an issue, as well as the unfortunate circumstances of Mr. Dahl's stroke shortly before the April 2016 trial, as well as Western's acquiescence to continuing the trial both before and after the 5-year time frame had elapsed. However, ultimately, "[i]t is upon the plaintiff[ ] . . . that the duty rests to bring the case to trial within the period specified by the rule." *Prostack*, 96 Nev. at 231, 606 P.2d at 1100; *see also id.* ("[W]ords and conduct, *short* of a written stipulation' cannot estop a defendant from asserting the mandatory dismissal rule." *Id.* (quoting *Thran*, 79 Nev. at 181, 380 P.2d at 300)). We, like the district court, are bound by the en banc court's decision in *Prostack*,

and any argument that *Prostack* should be overturned must be considered by the court en banc. In light of the foregoing, we

ORDER the judgments of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____Pickering_____, J.
Pickering

_____Parraguirre_____, J.
Parraguirre

_____Cadish_____, J.
Cadish

cc:    Hon. Rob Bare, District Judge
Ara H. Shirinian, Settlement Judge
Rogers, Mastrangelo, Carvalho & Mitchell, Ltd.
George T. Bochanis, Ltd.
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A