# IN THE SUPREME COURT OF THE STATE OF NEVADA

MARILYN TRIPI, AN INDIVIDUAL, AND AS SPECIAL ADMINISTRATOR OF THE ESTATE OF DIGNA OTERO,
Appellant,
vs.
PEGGY JOHNSON, AN INDIVIDUAL; AND FAMILY HOME HOSPICE, INC., A NEVADA CORPORATION,
Respondents.

No. 79099

**FILED**

JAN 15 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

PEGGY JOHNSON, AN INDIVIDUAL,
Appellant,
vs.
MARILYN TRIPI, AN INDIVIDUAL AND AS SPECIAL ADMINISTRATOR OF THE ESTATE OF DIGNA OTERO,
Respondent.

No. 80747

## ORDER OF AFFIRMANCE (DOCKET NO. 79099) AND REVERSAL AND REMAND (DOCKET NO. 80747)

Docket No. 79099 is an appeal from a district court order dismissing a tort action, and Docket No. 80747 is an appeal from a district court order denying a postjudgment motion for attorney fees and costs.[1] Eighth Judicial District Court, Clark County; Stefany Miley, Judge. Because the appeals involve the same parties and arise from the same district court case, we elect to consolidate them for disposition. *See* NRAP 3(b)(2).

The underlying action arises from injuries to decedent Digna Otero, allegedly caused during the course of massage therapist services

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

arranged by respondent Family Home Hospice (Family Home) and performed by respondent/appellant Peggy Johnson. After Digna Otero passed away from unrelated causes, her daughter, appellant/respondent Marilyn Tripi, brought the underlying suit.

*Docket No. 79099*

Tripi first argues that the district court erred by dismissing the complaint because, despite its mandatory dismissal language, NRCP 41(e) (2019) is not absolute and should not require dismissal where she diligently pursued her case. Reviewing de novo, *see Ford v. Branch Banking & Tr. Co.*, 131 Nev. 526, 528, 353 P.3d 1200, 1202 (2015) ("[W]e review de novo the district court's interpretation of the Nevada Rules of Civil Procedure."), we disagree. The trial here was reset various times via court orders or stipulations that did not mention the five-year rule and the trial was ultimately set beyond the five-year deadline without Tripi's objection. *See Thran v. First Judicial Dist. Court*, 79 Nev. 176, 181, 380 P.2d 297, 300 (1963) (holding that "in the absence of a written stipulation extending time," a district court must dismiss a trial not brought to trial within five years). "[T]his court has recognized exceptions to the mandatory nature of NRCP 41(e)." *D.R. Horton, Inc. v. Eighth Judicial Dist. Court*, 131 Nev. 865, 872, 358 P.3d 925, 930 (2015); *see Prostack v. Lowden*, 96 Nev. 230, 231, 606 P.2d 1099, 1099-1100 (1980) (holding that "an oral stipulation [to extend the five-year deadline], entered into in open court, approved by the judge, and spread upon the minutes, is the equivalent of a written stipulation" for purposes of NRCP 41(e), but that such stipulations must nevertheless explicitly address the five-year rule). However, Tripi fails to demonstrate any such exception applies here.

Second, Tripi argues that respondents waived their right to raise NRCP 41(e) by stipulating to reset the trial past the five-year deadline. We disagree, as dismissal pursuant to NRCP 41(e) is a procedural consequence that occurs upon a plaintiff's failure to bring a case to trial within the prescribed time. As we have repeatedly held, "[i]t is the duty of each plaintiff to be sufficiently diligent to preclude entry of a 41(e) dismissal." *Johnson v. Harber*, 94 Nev. 524, 527, 582 P.2d 800, 801 (1978). And, to the extent that Tripi argues that respondents impliedly stipulated to extending the five-year rule by acceding to the resetting of the trial date, we have repeatedly foreclosed this argument as well.[2] *See Prostack*, 96 Nev. at 231, 606 P.2d at 1099-1100 (rejecting appellant's argument that respondents stipulated to extending the five-year period by stipulating to additional time for discovery because the stipulation did not address the five-year rule); *Flintkote Co. v. Interstate Equip. Corp.*, 93 Nev. 597, 598, 571 P.2d 815, 816 (1977) (rejecting appellant's argument that a stipulation striking a paragraph from the complaint "carried with it a necessary

---

[2]We also reject Tripi's arguments regarding amended NRCP 41(e) because (1) the amendments were not in effect when the relevant five-year period lapsed or when the district court entered its order; and (2) even if they were in effect, Tripi fails to demonstrate that the proposed amendments would apply to her. *See In re ADKT 0560* (Order Amending Nevada Rule of Civil Procedure 41(e), December 4, 2020) (holding that the amendments do not go into effect until 60 days after the date of the order); *see also id.*, Exhibit A (amending NRCP 41(e)(5) to add that "[w]hen a court is unable to conduct civil trials due to compelling and extraordinary circumstances beyond the control of the court and the parties," the time will not be counted for purposes of the rule).

implication that the parties were agreeing to extend the five-year period"). We therefore affirm the district court's dismissal order in Docket No. 79099.

*Docket No. 80747*

Johnson argues that the district court erred by finding that she was not entitled to attorney fees and costs under NRCP 68(f) because the rule does not require that there be a prevailing party or that the case be adjudicated on the merits. We review de novo, *see Logan v. Abe*, 131 Nev. 260, 264, 350 P.3d 1139, 1141 (2015) ("'[W]hen a party's eligibility for a fee award is a matter of statutory interpretation' or the interpretation of court rules, we review the district court's decision de novo." (quoting *In re Estate & Living Tr. of Miller*, 125 Nev. 550, 553, 216 P.3d 239, 241 (2009))), and agree.

NRCP 68(f)(1) provides that an offeree who "rejects an offer and fails to obtain a more favorable judgment" must pay the offeror's attorney fees and costs incurred from the time of the offer. If there are multiple offers, the offeree must pay from the time of the initial offer. NRCP 68(f)(2). The plain language of NRCP 68(f) does not require an adjudication on the merits, only that the offeree fail to obtain a more favorable judgment. *See Cromer v. Wilson*, 126 Nev. 106, 109, 225 P.3d 788, 790 (2010) (explaining that this court interprets clear and unambiguous statutes based on their plain meaning). The plain language of the rule also does not require that the offeror be the prevailing party in order to qualify for attorney fees and costs. *See id.*; *see also* NRCP 68(f).

Here, the district court found that Johnson was not a prevailing party under NRCP 68(f) as it was unclear whether Tripi would have obtained a more favorable judgment had the case been heard on the merits.

SUPREME COURT
OF
NEVADA

(O) 1947A

4

However, in finding that Johnson was not a prevailing party for purposes of NRCP 68(f), the district court appears to have conflated NRCP 68(f) with NRS 18.020, which governs awards of costs for prevailing parties in an action. And, while a dismissal based on a violation of the five-year rule is not an adjudication on the merits, it is clear that a dismissal with prejudice is less favorable than either of Johnson's offers of judgment. Thus, the district court erred by concluding that Johnson was not entitled to attorney fees under NRCP 68(f) and we reverse that decision. On remand, the district court must analyze the factors espoused in *Beattie v. Thomas*, 99 Nev. 579, 588-89, 668 P.2d 268, 274 (1983), to determine the appropriate award, if any.

Johnson further contends that the district court erred by finding that she was not a prevailing party for purposes of NRS 18.020 because there was no adjudication on the merits. Reviewing de novo, *see Logan*, 131 Nev. at 264, 350 P.3d at 1141, we agree. NRS 18.020 provides that "[c]osts must be allowed of course to the prevailing party against any adverse party against whom judgment is rendered" under certain circumstances. Dismissal with prejudice does not preclude an award under NRS 18.020. *See 145 E. Harmon II Tr. v. Residences at MGM Grand-Tower A Owners' Ass'n*, 136 Nev. 115, 120, 460 P.3d 455, 459 (2020) (holding that "a voluntary dismissal with prejudice generally equates to a judgment on the merits sufficient to confer prevailing party status upon the defendant"). In line with other courts that have considered the issue, we conclude that a dismissal with prejudice pursuant to the five-year rule provides an appropriate basis for an award of costs to Johnson as a prevailing party and, thus, the district court erred by denying Johnson's motion for costs

SUPREME COURT
OF
NEVADA

(O) 1947A

pursuant to NRS 18.020. *See, e.g., Zenith Ins. Co. v. Breslaw*, 108 F.3d 205, 207 (9th Cir. 1997), *abrogated on other grounds by Ass'n of Mex.-Am. Educators v. California*, 231 F.3d 572 (9th Cir. 2000); *see also* 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2667 (4th ed. 2014) (explaining that a dismissal with prejudice, whether or not on the merits, generally conveys prevailing party status upon the defendant). On remand, the district court is to determine the appropriate award of cost to which Johnson is entitled, if any.

Accordingly, we

ORDER the judgment of the district court in Docket No. 79099 AFFIRMED and the judgment of the district court in Docket No. 80747 REVERSED AND REMANDED for proceedings consistent with this order.

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Silver

cc:    Hon. Stefany Miley, District Judge
       Israel Kunin, Settlement Judge
       Weiner Law Group, LLC
       Nadine M. Morton
       Lewis Brisbois Bisgaard & Smith, LLP/Las Vegas
       Alverson Taylor & Sanders
       Eighth District Court Clerk